92 A.3d 667

IN THE MATTER OF WAYNE D. BOZEMAN, AN ATTORNEY
AT LAW (ATTORNEY NO. 017152005).

June 18, 2014.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 13–222, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c), **WAYNE D. BOZEMAN** of **WEST CHESTER, PENNSYLVANIA,** who was admitted to the bar of this State in 2006, and who has been temporarily suspended from the practice of law since February 10, 2012, pursuant to *Rule* 1:20–13(b), should be suspended from the practice of law for a period of three years based on his guilty plea in the United States District Court for the Eastern District of Pennsylvania, to one count of Conspiracy to Defraud the United States, in violation of 18 *U.S.C.* § 371, conduct that in New Jersey, violates *RPC* 8.4(b) (commission of a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having further concluded that the term of suspension should be retroactive to the date of respondent's temporary suspension from practice;

And respondent having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the matter, that a prospective three-year term of suspension from practice is the appropriate quantum of discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **WAYNE D. BOZEMAN** is suspended from the practice of law for a period of three years, effective

immediately, and until the further Order of the Court, and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.